# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHELLE JONES, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| ARYLESSENCE, INC., | |
| Defendant. | |

## COMPLAINT

**COMES NOW**, Plaintiff Michelle Jones ("Plaintiff" or "Ms. Jones"), by and through undersigned counsel, and files this, her Complaint against Defendant Arylessence, Inc. ("Defendant"), and respectfully shows the Court as follows:

### I. NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII").

1

## II. JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §1343(a)(4).

3.

Defendant is a domestic corporation residing in this District, and the unlawful employment practices alleged in this Complaint were committed within this District.

4.

Therefore, in accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000e-5(f), venue is appropriate in this Court.

## III. PARTIES

5.

During Plaintiff's employment with Defendant, and at all times material hereto, Plaintiff was a resident of the State of Georgia and is subject to the jurisdiction of this Court.

6.

Defendant is a domestic corporation licensed to do business in Georgia, and at all times material hereto Defendant has conducted business within this District.

7.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII; Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(a).

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Steve Tanner, at 1091 Lake Drive, Marietta, GA 30066.

## IV. ADMINISTRATIVE PROCEDURES

9.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 410-2021-06993, on September 14, 2021; the EEOC issued the "Notice of Right to Sue" on June 14, 2022.

10.

All conditions precedent have been conducted, satisfied, or waived.

11.

This action has been commenced within ninety (90) days of receipt of the "Notices of Right to Sue.".

## V. <u>FACTUAL ALLEGATIONS</u>

12.

Defendant hired Ms. Jones as a temporary worker on or about September 10, 2020, as a Chemical Compounder.

13.

On or about April 5, 2021, Defendant hired Ms. Jones as a permanent employee.

14.

Ms. Jones identifies as a lesbian woman.

15.

Throughout Ms. Jones' employment with Defendant, she was constantly harassed on the basis of her gender and sexual orientation by another employee, Stan Ackwood, aka Big Stan.

16.

Mr. Ackwood physically referred to Ms. Jones as a "fucking dyke."

17.

Mr. Ackwood called Ms. Jones a "fucking bitch."

18.

On at least four occasions, Mr. Ackwood physically threatened Ms. Jones. She complained repeatedly to management about the harassment and discriminatory comments, but they refused to assist her.

19.

On or about July 30, 2021, after Mr. Ackwood threatened to fight her, Ms. Jones called the police to report Mr. Ackwood.

20.

Defendant thereafter accused Ms. Jones of violating its workplace conduct policy by "causing a disruption in the workplace and conflict with another employee."

21.

Defendant terminated Ms. Jones on August 4, 2021.

22.

Defendant chose not to take reasonable steps to prevent discrimination from occurring, despite its knowledge of its employee's propensity for discrimination.

23.

Defendant failed to take appropriate remedial actions to correct the discrimination and retaliation.

24.

Defendant terminated Ms. Jones because of her sex and her complaints of sex discrimination and retaliation.

25.

Defendant's proffered reason for terminating Ms. Jones's employment is a pretext for retaliation.

26.

Defendant created a hostile work environment that Ms. Jones was required to endure as a condition of her employment.

## VI.   CLAIMS FOR RELIEF

### COUNT ONE:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27.

Plaintiff re-alleges the paragraph numbers 1 through 26 as if set forth fully herein.

28.

Defendant's actions in terminating Plaintiff's employment constitutes unlawful discrimination on the basis of her gender and/or sexual orientation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981a.

29.

Defendant willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

30.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her gender and/or sexual orientation.

31.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

32.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

**COUNT TWO:  RETALIATION IN VIOLATION OF TITLE VII**

33.

Plaintiff re-alleges the paragraph numbers 1-26 as if set forth fully herein.

34.

Plaintiff's complaints to Defendant that she was being discriminated against constitutes conduct protected under Title VII.

35.

Defendant's termination of Plaintiff's employment because of her complaints of discrimination constitutes unlawful retaliation in violation of Title VII.

## VII.  **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorneys' fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g)　　Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)　　Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and,

(i)　　All other relief to which she may be entitled.

Respectfully submitted the 30th day of August, 2022.

　　　　　　　　　　　　　　　　**BARRETT & FARAHANY**

　　　　　　　　　　　　　　　　*/s/ Matthew C. Billips*
　　　　　　　　　　　　　　　　Matthew C. Billips
　　　　　　　　　　　　　　　　Georgia Bar No. 057110
　　　　　　　　　　　　　　　　Catherine A. Gavrilidis
　　　　　　　　　　　　　　　　Georgia Bar No. 565343

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
matt@justiceatwork.com
catherine@justiceatwork.com